# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
LYLE PRANSCH,              )
                           )
        Plaintiff,         )
v.                         )
                           )    Case No.
VALEO, INC.                )    Magistrate Judge
                           )
        Defendant.         )
                           )
                           )
                           )
                           )
_____/
```

Marla A. Linderman (P55759)
LINDERMAN LAW PLLC
9524 Portage Trail
White Lake, MI 48386
(810)220–0600
lindermanlaw@sbcglobal.net

_____/

**COMPLAINT AND JURY DEMAND**

PLAINTIFF, through counsel, states the following Complaint against Defendant:

## NATURE OF CLAIM

1.  This is a proceeding for declaratory and injunctive relief and for money damages against Defendant to redress the deprivation of Plaintiff's rights, purposeful discrimination and retaliation against the Plaintiff under the Family Medical Leave Act ("FMLA"), Americans With Disabilities Act ("ADA") and supplemental jurisdiction under Michigan Persons With Disabilities Civil Rights Act ("PWDCRA") and Michigan common law.

## JURISDICTION AND PARTIES

2.  The jurisdiction of this Court is invoked pursuant to 28 USC §1331, 1343, 1367, 29 USC §2601 et. seq (FMLA), 42 USC §12101 et seq. (ADA), and supplemental jurisdiction.

3.  Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 28 USC §2201, 28 USC §2202; 29 USC §2601 et seq (FMLA), 42 USC §12101 et seq (ADA); and pendent jurisdiction.

4.  Plaintiff was issued a Right-to-Sue letter on or about September 7, 2016 from the EEOC as to his claims under the ADA which was received on or around September 13, 2016.

5. Many of the events giving rise to this action occurred in the Eastern District of Michigan.

6. The amount in controversy exceeds $75,000.00.

## COMMON ALLEGATIONS

7. Plaintiff is Lyle Pransch, hereafter referred to as "Plaintiff".

8. Plaintiff resides in Wayne County, Michigan.

9. Defendant is registered a foreign profit corporation, with international locations, which employed Plaintiff at its Troy, Michigan Facility.

10. Plaintiff began working for Defendant in or about October 2011 as a high-low driver and a material handler.

11. Plaintiff was qualified for his position with Defendant at all times.

12. Plaintiff performed his job duties in a satisfactory or above manner at all times employed by Defendant.

13. Plaintiff sustained a work-related back/spinal injury in late 2014.

14. Plaintiff's injury qualified as a serious health condition under the FMLA.

15. At the time of the injury, Plaintiff had worked for Defendant for more than one year.

16. At the time of the injury, Plaintiff had worked more than 1250 hours in the relevant time period for Defendant.

17. Plaintiff was an eligible employee for FMLA leave.

18. Defendant is an employer subjected to the requirements of the FMLA.

19. Defendant has more than 50 employees and had more than 50 employees at the relevant time.

20. Plaintiff needed to take a FMLA leave due to his serious health condition.

21. Plaintiff informed Defendant of his need to take a FMLA leave.

22. Defendant told Plaintiff that he had available FMLA time.

23. Plaintiff attempted to turn in paperwork about his medical leave in January of 2015 to Defendant.

24. Plaintiff was told that he could not turn in paperwork until January 12, 2015 as the people he needed to see were on break until then.

25. Despite being told the January 12, 2015 date, Defendant later told Plaintiff that he was being terminated for failing to return to work on January 7, 2015.

26. Defendant listed Plaintiff's termination as a no-call/no-show for failing to return to work on January 7, 2015.

27. Plaintiff followed Defendant's instructions and was never informed that his shift was reporting back to work early.

28. Plaintiff gave proper notice to Defendant under the FMLA and the ADA of his need for a leave and for accommodation due to his disability.

29. Defendant retaliated against Plaintiff for his protected activity by terminating his employment.

30. Defendant also failed to pay Plaintiff his earned bonus check.

31. Defendant also failed to pay Plaintiff his earned Christmas bonus.

32. Defendant also failed to pay Plaintiff his earned attendance bonus.

33. Defendant failed to properly accommodate Plaintiff as required by the ADA.

34. Other similarly-situated employees, outside of Plaintiff's protected groups, were treated better than Plaintiff.

35. In addition, pursuant to contract, Plaintiff was to be paid double-time for the work he performed for Defendant on Sundays.

36. Defendant failed to pay Plaintiff double-time for his work on Sundays.

37. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

38. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

39. Plaintiff worked over 1250 hours within a 12 month period as required by the Family Medical Leave Act ("FMLA") for Defendant during the relevant time period.

40. Defendant has more than 50 employees.

41. Defendant is an employer covered under the FMLA.

42. Plaintiff requested FMLA leaves due to his serious health conditions which was covered under the FMLA.

43. Defendant refused to comply with the FMLA.

44. Defendant interfered with Plaintiff's right to take an FMLA leave.

45. Defendant negatively considered Plaintiff's exercise of his rights under the FMLA in violation of the FMLA.

46. Defendant terminated Plaintiff's health benefits in violation of the FMLA.

47. Defendant terminated Plaintiff for asserting and exercising his FMLA rights, at least in part.

48. Plaintiff fulfilled all of his requirements under the FMLA to the best of his ability.

49. Defendant failed to fulfill its requirements under the FMLA.

50. Plaintiff was prejudiced by Defendant's failure to fulfill its requirements under the FMLA.

51. Defendant's termination of Plaintiff constitutes a violation of the FMLA.

52. Defendant's violations of the FMLA were willful and intentional.

53. Defendant's violations of the FMLA were not in good faith.

54. Defendant did not reasonably believe that it had complied with the FMLA.

55. Defendant's violations have directly and proximately caused Plaintiff great damages, including loss of wages, benefits and other compensation of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic and non-economic injuries; (2) liquidated damages as provided for in 29 USC §2617; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just, including but not limited to reinstatement.

# COUNT II
## DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FMLA

56. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

57. Plaintiff engaged in protected activity when he requested and took a leave covered under the FMLA.

58. Defendant was aware that Plaintiff engaged in this protected activity.

59. Defendant retaliated against and terminated Plaintiff, at least in part, for engaging in this protected activity.

60. Defendant's violations of the FMLA were willful and intentional.

61. Defendant's violations of the FMLA were not in good faith.

62. Defendant did not have reasonable grounds for believing that its termination of Plaintiff was not a violation of the FMLA.

63. Defendant's violation of the FMLA has directly and proximately caused Plaintiff great damages, including economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic injuries; (2) liquidated damages as provided for in 29 USC §2617; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just, including but not limited to, reinstatement.

## COUNT III
## VIOLATION OF ADA
## HISTORY OF A DISABILITY

64. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

65. Plaintiff had a history of a disability.

66. Plaintiff was subjected to discrimination based on his history of a disability by Defendant.

67. Plaintiff was terminated, at least in part, by Defendant, because of his history of having disabilities.

68. Defendant's termination of Plaintiff constituted illegal discrimination in violation of ADA et seq.

69. Such discrimination has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation,

outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic and non-economic injuries; (2) an award of costs, interest and attorney fees; (3) punitive damages and (4) such equitable relief as the Court deems just.

### COUNT IV
### VIOLATION OF ADA
### DISABILITY DISCRIMINATION

70. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

71. Plaintiff had disabilities protected by the ADA.

72. Plaintiff was subjected to discrimination based on his disabilities by Defendant.

73. Defendant failed to properly accommodate Plaintiff and/or engage in the proper process to determine accommodation, despite both verbal and written requests for accommodation by Plaintiff.

74. Plaintiff was terminated, at least in part, by Defendant, because of his disability.

75. Defendant's failure to accommodate, failure to engage in reasonable discussions regarding accommodations, and termination of Plaintiff constituted illegal discrimination in violation of ADA et seq.

76. Such discrimination has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic and non-economic injuries; (2) an award of costs, interest and attorney fees; (3) punitive damages and (4) such equitable relief as the Court deems just.

## COUNT V
## ADA
## RETALIATION

77. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

78. Plaintiff requested an accommodation for his disabilities from Defendant.

79. Plaintiff requested an accommodation for his disabilities verbally due to his disability and in writing.

80. Defendant refused Plaintiff's requests for accommodation.

81. Plaintiff engaged in protected activities under the ADA.

82. Defendant retaliated against Plaintiff by telling him the return-to-work date of January 12, 2015 and then terminating him for not returning on January 7, 2015.

83. Defendant retaliated against Plaintiff by failing to pay him his earned bonuses and vacation pay.

84. Defendant terminated Plaintiff for his protected activity of requesting an accommodation under the ADA.

85. Defendant(s) retaliation has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

## COUNT VI
## VIOLATION OF PWDCRA
## HISTORY OF A DISABILITY

86. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

87. Plaintiff had a history of a disability.

88. Plaintiff was subjected to discrimination based on his history of a disability by Defendant.

89. Plaintiff was terminated, at least in part, by Defendant, because of his history of having disabilities.

90. Defendant's termination of Plaintiff constituted illegal discrimination in violation of PWDCRA et seq.

91. Such discrimination has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

## COUNT VII
## VIOLATION OF PWDCRA
## DISABILITY DISCRIMINATION

92. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

93. Plaintiff had disabilities protected by the PWDCRA.

94. Plaintiff was subjected to discrimination based on his disabilities by Defendant.

95. Defendant failed to properly accommodate Plaintiff and/or engage in the proper process to determine accommodation, despite both verbal and written requests for accommodation by Plaintiff.

96. Plaintiff was terminated, at least in part, by Defendant, because of his disability.

97. Defendant's failure to accommodate, failure to engage in reasonable discussions regarding accommodations, and termination of Plaintiff constituted illegal discrimination in violation of ADA et seq.

98. Such discrimination has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

## COUNT VIII
## PWDCRA
## RETALIATION

99. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

100. Plaintiff requested an accommodation for his disabilities from Defendant.

101. Plaintiff requested an accommodation for his disabilities verbally due to his disability and in writing.

102. Defendant refused Plaintiff's requests for accommodation.

103. Plaintiff engaged in protected activities under the ADA.

104. Defendant retaliated against Plaintiff by telling him the return-to-work date of January 12, 2015 and then terminating him for not returning on January 7, 2015.

105. Defendant retaliated against Plaintiff by failing to pay him his earned bonuses and vacation pay.

106. Defendant terminated Plaintiff for his protected activity of requesting an accommodation under the ADA.

107. Defendant(s) retaliation has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

### COUNT IX
### BREACH OF CONTRACT

108. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

109. Pursuant to contract, Defendant was required to pay Plaintiff double-time wages for overtime worked on Sundays.

110. Plaintiff frequently worked overtime on Sundays.

111. Defendant failed to pay Plaintiff double-time wages for his work on Sundays.

112. Defendant breached its contract with Plaintiff.

113. Plaintiff has sustained damages due to Defendant's breach.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for his unpaid double-time wages (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

Respectfully Submitted on December 5, 2016,

LINDERMAN LAW PLLC

/s/ Marla A. Linderman
Marla A. Linderman (P55759)
9524 Portage Trail
White Lake, MI 48386
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorneys for Plaintiff

## JURY DEMAND

NOW COMES the Plaintiff, through counsel, and hereby demands trial by jury in the above captioned matter.

Respectfully Submitted on December 5, 2016,

LINDERMAN LAW PLLC

/s/ Marla A. Linderman
Marla A. Linderman (P55759)
9524 Portage Trail
White Lake, MI 48386
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorneys for Plaintiff